IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-30010 |
| | ) | (Chapter 11) |
| RED RIVER SUBS, INC. | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**MOTION TO (I) PAY RETAINER AND MONTHLY
SUPPLEMENTS TO SUBCHAPTER V TRUSTEE; AND
(II) TO APPROVE AGREEMENT WITH SUBCHAPTER V TRUSTEE**

Comes now Red River Subs, Inc. ("Red River Subs" or the "Debtor"), by and through undersigned counsel, pursuant to Sections 330 and 363 of Title 11 of the United States Code, and moves this Honorable Court for leave to (i) cause a retainer to be transferred to the Subchapter V trustee herein (the "Subchapter V Trustee"); (ii) make monthly supplemental payments to the Subchapter V Trustee; and (iii) enter into an agreement, with the Subchapter V Trustee, concerning the treatment of any administrative claims he may hold at the time of confirmation of a plan of reorganization herein, and in support thereof states as follows:

**I.       Introduction**

Restaurants are a finicky business and reorganizing Chapter 11 debtors can be an even more finicky business. Proposed counsel for the Debtor enters this case with a retainer in his trust account and having made a conscious election to assume the ultimate risk of there being an unavailability of funds over and above that retainer. Counsel for creditors work pursuant to private compensation agreements. And counsel for the United States Trustee is compensated by the Department of Treasury. But the Subchapter V Trustee enters a case of this variety uniquely at risk, being asked to help shepherd Red River Subs through bankruptcy but being without any financial assurance of his efforts being recompensed. The Debtor wishes to change this dynamic.

1

In an effort to ensure the Subchapter V Trustee is appropriately compensated no matter the ultimate disposition of this case – and in exchange for the Subchapter V Trustee expressly agreeing to permit Red River Subs 45 days from the effective date of a plan of reorganization to pay any outstanding administrative expenses owed to the Subchapter V Trustee – the Debtor seeks to (i) have the Debtor's proposed counsel transfer $5,000.00 from his firm's trust account to the Subchapter V Trustee's fiduciary account, as security for fees to be incurred; and (ii) pay the Subchapter V Trustee – also for deposit into his fiduciary account – the sum of $1,000.00 per month, for the pre-confirmation duration of this case, on or before the 15th calendar day of each month (commencing in February 2024). The Subchapter V Trustee's fees will still be subject to this Honorable Court's approval, and any monies he may be holding, over and above those allowed fees, will be transferred to the Debtor following disposition of the Subchapter V Trustee's final fee application. But these mechanics will, in the interim, serve to ensure the Subchapter V Trustee is appropriately assured of this not being an inadvertently *pro bono* case, while equally assuring the Debtor that a large tab will not be coming due on the effective date of a plan of reorganization.

For these reasons, and as extrapolated upon *infra*, the Debtor seeks approval of this arrangement.

**II.     Argument: The Relief Should be Granted**

There is not exactly a large collection of case law governing the payment of retainers to Subchapter V trustees, though there is, quite assuredly, a large collection of anecdotal accounts of such fiduciaries pouring large swaths of time into cases only to be left with depreciated claims against administratively insolvent debtors and their estates. At core, though, the arrangement proposed *sub judice* falls firmly within this Honorable Court's equitable powers. And this is an

2

accord that has been carefully crafted with an eye toward creating a more efficient process – and balancing economic risk – in wake of other cases in this Honorable Court.[1]

Familiarly, Title 11 of the United States Code (the "Bankruptcy Code") permits this Honorable Court to allow "(A) reasonable compensation for actual, necessary services rendered by the trustee… and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). The Bankruptcy Code is notably brief when it comes to the mechanics of such compensation, however, with Subchapter V trustees being expressly excluded from the operative provisions of Section 326 of the Bankruptcy Code.

All that is proposed instantly is that the Subchapter V Trustee be paid monies – to be held in trust, pending judicial approval of his time and expenses – for application toward any compensation permitted under Section 330. The initial retainer of $5,000.00 will be conveyed by undersigned counsel, from his firm's trust account; these are monies paid pre-petition, by the Debtor's equity holder, as and for a legal services retainer. These do not represent funds otherwise available to the Debtor and, as such, their payment ought not have any deleterious impact on the Debtor's affairs or finances while endeavoring to reorganize.

Following this initial retainer, the Debtor will pay the Subchapter V Trustee – also to be held in trust, pending judicial approval of time and expenses – the sum of $1,000.00 per month, commencing February 15, 2024. These funds are meant to add security to that created by the foregoing retainer. And while these will come out of the Debtor's operating account, they will be

---

[1] Six of the last seven Subchapter V cases in this Honorable Court have had the same Subchapter V trustee and (proposed) debtor's counsel. Each case is, no doubt, unique. And each case comes with its own merits and detriments. But these collective experiences do well inform tweaks that may be appropriately made to patterns and practices on a forward-looking basis.

paid during a reorganizational period when the Debtor is otherwise generally unobligated (and, indeed, not permitted) to make payments on prepetition debt obligations.

In exchange, the Subchapter V Trustee is agreeing that any excess fees or reimbursements he may be owed at the time of a plan's confirmation will not need to be paid on the effective date but, rather, can be paid within 45 days thereof. *See* 11 U.S.C. § 1129(a)(9) (permitting administrative claimants to "agree[] to a different treatment of such claim"). This will offer the Debtor the ability to finance any administrative obligations over the first two months of a plan of reorganization, removing pressure that would otherwise have the potential of forcing the Debtor to part with precious operating funds in one large chunk at a time when they may well be needed to address other ordinary course obligations.

At core, this is a sensible arrangement, allowing the Debtor to undertake the hard work of reorganizing with cleareyed knowledge of the short-term bankruptcy-centric financial obligations that will befall Red River Subs. This also allows the Subchapter V Trustee to operate without concern about his services being an inadvertently *gratis* contribution to a restaurant franchisee. And while this will cause undersigned proposed counsel to part with one third of the retainer originally paid his firm, this is an arrangement with which he is comfortable, as he has immense faith in the Debtor's ability to successfully reorganize and make plan payments to administrative claimants.

### III. Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) grant this motion; (ii) permit the Debtor's proposed counsel to transfer $5,000.00 from his retainer to the Subchapter V Trustee; (iii) direct the Debtor to pay the Subchapter V Trustee $1,000.00 per month, commencing February 15, 2024, for the pre-confirmation duration of this Chapter 11 case; (iv)

4

approve the Debtor's agreement with the Subchapter V Trustee, obligating the Subchapter V Trustee to accept payment of any excess administrative fees and expenses within 45 days of the effective date of a plan of reorganization; and (v) afford such other and further relief as may be just and proper.

                                                        Respectfully Submitted,

Dated: January 15, 2024                  By:    /s/ Maurice B. VerStandig
                                                                    Maurice B. VerStandig, Esq.
                                                                    The Dakota Bankruptcy Firm
                                                                    1630 1st Avenue N
                                                                    Suite B PMB 24
                                                                    Fargo, North Dakota 58102-4246
                                                                    Phone: (701) 394-3215
                                                                    mac@dakotabankruptcy.com
                                                                    *Proposed Counsel for the Debtor*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of January, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

                                                                                /s/ Maurice B. VerStandig
                                                                                Maurice B. VerStandig