IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-30010 |
| | ) | (Chapter 11) |
| RED RIVER SUBS, INC. | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

## MOTION TO CONTINUE CONFIRMATION HEARING

Comes now Red River Subs, Inc. (the "Debtor" or "Red River Subs"), by and through undersigned counsel, pursuant to Local Rule 5071-1, and moves this Honorable to continue the confirmation hearing in this matter, from May 23, 2024 to a date certain after June 5, 2024, and in support thereof states as follows:

The overwhelming majority of undersigned counsel's practice is devoted to bankruptcy cases, but counsel began his career as a commercial litigator and does still maintain a small commercial litigation practice in various state and federal courts. One such case has been set on for a two-week jury trial, in Nevada, commencing May 20, 2024. This was somewhat surprising for myriad case-centric reasons. And while there does exist a very real possibility the trial will not come to pass (a dispositive motion is pending), there is now a better-than-not chance counsel will be obligated in Nevada from May 20, 2024 through May 31, 2024 (plus whatever modicum of time a jury may take to deliberate).

A short continuance of the confirmation hearing in this matter will not work prejudice upon any party in interest. The Debtor remains current on post-petition obligations, is continuing to operate as a going concern, and has proposed a plan where the amortization of tax obligations already contains a small buffer period designed to ensure such claims are satisfied within five years of the petition date even if confirmation is delayed. In fact, while certainly *not* the rationale for

1

this motion, the Debtor's continued pre-confirmation operations would permit a greater array of post-petition operational metrics and data points to be considered at a confirmation hearing.

By way of necessary disclosure, the Debtor does intend to file a pre-confirmation motion to extend the deadline to accept or reject certain executory contracts and leases. However, such a motion would need to be filed without regard to when a confirmation is conducted since the currently-scheduled confirmation hearing is more than 120 days after this case was commenced. 11 U.S.C. § 365(d)(4)(A)(i). And, as noted *supra*, the Debtor is current on all post-petition lease payments and executory contract obligations.

Finally, should this motion be granted, the Debtor asks that no other deadlines in this case be adjusted, but that undersigned counsel be required – at his firm's expense, not reimbursable by the Debtor's estate – to send notice of the new confirmation date to all parties on the mailing matrix herein.

                              Respectfully Submitted,

Dated: April 18, 2024      By:    /s/ Maurice B. VerStandig
                             Maurice B. VerStandig, Esq.
                             The Dakota Bankruptcy Firm
                             1630 1st Avenue N
                             Suite B PMB 24
                             Fargo, North Dakota 58102-4246
                             Phone: (701) 394-3215
                             mac@dakotabankruptcy.com
                             *Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of April, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

                             /s/ Maurice B. VerStandig
                             Maurice B. VerStandig