UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

**Red River Subs, Inc**  Bankr. No. 24-30010

    *dba* **Erbert and Gerbert's - Fargo**  Chapter 11
    *dba* **Erbert and Gerbert's - Bismarck**
    *dba* **Erbert and Gerbert's - Moorhead**

**Debtor.**

---

### ACTING US TRUSTEE OBJECTIONS TO
### RED RIVER SUBS, INC. SUBCHAPTER V PLAN
---

The Acting United States Trustee (UST) objects Red River Subs, Inc.'s Subchapter V Plan of Reorganization (Plan") (Doc. No. 78) In support of her objections, she states the following:

1. The UST has standing to object under 28 U.S.C. § 586 and 11 U.S.C. § 307.

2. 3.02: The Plan should add the sentence: Post-petition, the Subchapter V Trustee shall continue to apply for all fees in accordance with Sections 330 and 331. While the Plan does not propose a role of the subchapter V trustee post-confirmation, the subchapter V trustee may be required to provide services if a motion to modify the plan or dismiss the case filed, and the Plan should clarify how the subchapter V trustee would be paid in that event, particularly given the language in Section 8.12 that implies no Court approval is necessary.

3. Given that most voters are not attorneys, the following language (or something similar) would be useful to explain the confirmation process in subchapter V. However, to the

1

extent the Plan has already been served, the UST would concede that this objection is moot if the

Debtor is not re-serving the Plan due to other substantive objections or changes in circumstances:

> Under Section 1191 of the Bankruptcy Code, a plan may be confirmed either consensually or non-consensually.  To be confirmed consensually, all classes must accept the Plan.  Because the Plan is not making any distribution to Class 4 general unsecured creditors, Class 4 is deemed to reject the plan, and the Debtor will seek to confirm the plan as non-consensual under Section 1191(b).   Under a non-consensual plan, the Debtor must demonstrate that the plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interest that is impaired or has not accepted the plan.
>
> WHEREFORE, the UST requests that the Court grant her objections herein and such

other relief as appropriate.

Dated: May 13, 2024                                     MARY R. JENSEN
                                                        Acting U.S. Trustee Region 12

                                                         /s/ Sarah J. Wencil
                                                        Sarah J. Wencil
                                                        Trial Attorney
                                                        IA Atty # 14014
                                                        Office of the United States Trustee
                                                        U.S. Courthouse
                                                        300 South Fourth Street
                                                        Minneapolis, MN 55415
                                                        (612) 334-1350

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

**Red River Subs, Inc**                               **Bankr. No. 24-30010**

   *dba* **Erbert and Gerbert's - Fargo**        **Chapter 11**
   *dba* **Erbert and Gerbert's - Bismarck**
   *dba* **Erbert and Gerbert's - Moorhead**

**Debtor.**

---

### UNSWORN CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury that on May 13, 2024, I caused to filed electronically the following: Objection, thereby generating service by CM/ECF.

Executed on:    May 13, 2024

                                                 **/s/ Sarah J. Wencil**
                                                 **Sarah J. Wencil**
                                                 **Office of the United States Trustee**