IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-30010 |
| | ) | (Chapter 11) |
| RED RIVER SUBS, INC. | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**MOTION TO EXTEND PERIOD OF TIME TO
ACCEPT OR REJECT NONRESIDENTIAL LEASES**

Comes now Red River Subs, Inc. (the "Debtor" or "Red River Subs"), by and through undersigned counsel, pursuant to Section 365(d)(4)(B)(i) of Title 11 of the United States Code, and moves to extend by ninety (90) days the period of time for the Debtor to accept or reject nonresidential leases under which the Debtor is the lessee, and in support thereof states as follows:

**I.      Introduction**

Red River Subs operates three Erbert & Gerbert's restaurants in the Fargo/Moorhead area, with each location being utilized pursuant to a pre-petition lease with a non-insider third party landlord. The Debtor has proposed a plan of reorganization (the "Plan," as found at DE #78) wherein all three leases are to be assumed and, absent agreement concerning the terms of new leases, pre-petition arrearages are to be cured over a one year time period. A confirmation hearing is set for one month from today, DE #82, and the Debtor looks forward to making cure payments pursuant to a confirmed plan. The Debtor is not, however, in a position to commit to making cure payments outside the confines of a plan – both because of the imminent economic burden such would place on Red River Subs and, too, because the funding mechanism the Debtor intends to use is one that will become uniquely available upon Plan confirmation.

For these reasons, and as extrapolated upon *infra*, Red River Subs submits cause exists to extend the deadline to accept or reject nonresidential leases.

1

**II.    Argument: Cause Exists to Grant the Extension**

Subchapter V cases are designed to move expeditiously and this matter is no exception. Scantly four months into this case, the Plan is on file, ballots are being received, and a confirmation hearing looms just weeks away. The Debtor is not loitering in Chapter 11 and no element of this case has ever given the inference of undue delay. Yet the statutorily-fixed 120 day deadline to assume or reject nonresidential leases creates a temporal burden the Debtor cannot economically overcome without a modest extension of time, and such is precisely why Congress expressly envisioned the subject deadline may be extended – on only a modest showing of "cause" – in cases like this.

Title 11 of the United States Code (the "Bankruptcy Code") sets forth the familiar deadline for the acceptance or rejection of nonresidential leases:

> . . . an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of— (i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4)(A).

The same provision, however, goes on to openly contemplate a 90 day extension of time: "The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause." 11 U.S.C. § 365(d)(4)(B).

In assessing the existence, *vel non*, of cause to extend the relevant deadline, courts traditionally look at a broad swath of disjunctive and non-exhaustive factors:

> Whether to grant an extension is within the discretion of the bankruptcy court. The factors to be considered by the court in exercising that discretion include:
> 1. the nature of the interests at stake;
> 2. the balance of the hurt to the litigants;
> 3. the good to be achieved;

2

    4. the safeguards afforded to the litigants;
    5. whether the action to be taken is so in derogation of Congress' scheme that the court may be said to be arbitrary;
    6. the debtor's failure or ability to satisfy post-petition obligations;
    7. the damage that the non-debtor will suffer beyond the compensation available under the Bankruptcy Code;
    8. the importance of the contract to the debtor's business and reorganization;
    9. whether the debtor has sufficient time to appraise its financial situation and the potential value of its assets in formulating a plan of reorganization;
    10. whether there is a need for judicial determination as to whether an executory contract exists;
    11. whether exclusivity has been terminated; and
    12. above all, the broad purpose of Chapter 11, which is to permit successful rehabilitation of debtors.

3 Collier on Bankruptcy P 365.05 (citing *South Street Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996); *In re Adelphia Commc'ns*, 291 B.R. 283, 293 (Bankr. S.D.N.Y. 2003), quoted in *In re Hawker Beechcraft, Inc.*, 483 B.R. 424, 429 (Bankr. S.D.N.Y. 2012)).

    Looking at the first and eighth factors, the nature of the interests at stake are commensurate with the Debtor's ability to carry on business. Red River Subs is a consumer-facing restaurant operator; without brick-and-mortar spaces out of which to operate, the Debtor would have no business to carry on.

    Similarly, concerning the second, fourth and sixth factors, there is no discernable harm to the lessors and the Debtor believes it is mostly current on post-petition leasehold obligations.[1] So long as the Debtor is continuing to pay monthly rent, no new harm is accruing and, to the contrary, the now-filed Plan provides a mechanism to ensure each landlord is made whole for any arrearages due and owing as of the time of this case's commencement.

---

[1] Undersigned counsel has been in contact, of even date, with the attorney representing one of the landlords, and there is reason to believe the Debtor's payment of May rent may be slightly overdue on one of the three parcels. The subject landlord is, of course, free to object to this motion. But it is hoped this is a one-time oversight, and it appears the Debtor is otherwise compliant with post-petition rent obligations.

Vis a vis the good to be achieved, the Debtor – quite plainly – is looking to continue operating. And while there is some cognizable universe in which this could be occasioned through Red River Subs becoming a tenant holding over, operating outside the fixed terms of each of its leases, such seems impracticable and unnecessary. The Debtor does have excellent relationships with each of its landlords (which, no doubt, may well explain their cooperative approach to this case thus far), but Red River Subs is still better off – and its various creditors also better off – if operations continue under the protections of existing leases.

As to a potential derogation of Congress' scheme, the extension being sought is precisely in line with what is openly contemplated by the Bankruptcy Code: an additional 90 days. The Debtor seeks no more and no less, being mindful that confirmation of the Plan should resolve this issue well before the contemplated period expires.

Concerning the seventh factor, it does not appear the landlords will suffer any damage by reason of the relief sought herein. Confirmation is just a month away, the Debtor is making post-petition lease payments, no one has sought relief from the automatic stay, and the lessors are assuredly well off with a responsible tenant that attracts crowds with unparalleled sandwiches and soup. Red River Subs is not a "problem" tenant but, rather, is a model corporate actor. And while the Debtor did fall behind on rent payments pre-petition, the cause of such economic duress – debt owed to a credit union – is being addressed through the Plan.

It is respectfully suggested the ninth factor is moot, insofar as a plan of reorganization is already on file. While there are scenarios in Chapter 11 cases where a debtor may still be formulating a plan at the 120 day mark, such is generally not true in Subchapter V cases and certainly not true here. Similarly, it appears the eleventh factor is also moot, insofar as exclusivity does not terminate in a Subchapter V case. 11 U.S.C. § 1189(a).

As to the tenth factor, there does not appear to be a need to determine the existence, *vel non*, of any leases. The Debtor believes all three leases are valid and none of the landlords (or other parties in interest) have suggested otherwise.

This leaves only the final factor, which is the promotion of the broad objectives of reorganization. The relief sought herein will help Red River Subs reorganize. The extension sought is modest in nature, with the Plan already being on file and balloted. All the Debtor truly seeks is a path to proceed toward confirmation; this is assuredly in line with the intent underlying Chapter 11.

### III. Conclusion

WHEREFORE, Red River Subs respectfully prays this Honorable Court extend, by 90 days, the deadline for the Debtor to accept or reject unexpired nonresidential leases, and for such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: May 13, 2024          By:    /s/ Maurice B. VerStandig
                                    Maurice B. VerStandig, Esq.
                                    The Dakota Bankruptcy Firm
                                    1630 1st Avenue N
                                    Suite B PMB 24
                                    Fargo, North Dakota 58102-4246
                                    Phone: (701) 394-3215
                                    mac@dakotabankruptcy.com
                                    *Counsel for the Debtor*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of May, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig