UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In Re:

Red River Subs, Inc.,
dba Erbert and Gerbert's – Fargo,
dba Erbert and Gerbert's – Bismarck,
dba Erbert and Gerbert's – Moorhead,

Debtor.
_____/

Bankruptcy No. 24-30010
Chapter 11 - Subchapter V

**AMENDED ORDER CONFIRMING RED RIVER SUBS, INC.'S
AMENDED SUBCHAPTER V PLAN OF REORGANIZATION**

Debtor Red River Subs, Inc. filed a Subchapter V Plan of Reorganization on April 12, 2024. Doc. 78. Debtor served the plan and notice of confirmation hearing and related deadlines. Docs. 79, 85. The Acting United States Trustee filed an objection to the plan. Doc. 88. Debtor filed an Amended Subchapter V Plan of Reorganization on June 9, 2024 (Doc. 92), after which the Acting United States Trustee withdrew her objection. Doc. 98. Only four creditors returned ballots; all voted to accept the Subchapter V Plan filed April 12, 2024. Doc. 93. Debtor received no ballots from holders of Class 4 claims. Because Class 4 will not receive or retain any property under the plan, they are deemed to have rejected the plan. See 11 U.S.C. § 1126(g).

The Court held a confirmation hearing on June 13, 2024. During the hearing, the United States Trustee highlighted the fact that unsecured creditors in Class 4 had not voted to accept the plan. The Court did not hear or understand the nature of this concern at the time of the hearing and ruled that the Amended Subchapter V Plan was a consensual plan. The Amended Subchapter V Plan does not meet the requirements of 11 U.S.C. § 1129(a)(8) and, consequently, it does not qualify as a consensual plan under 11 U.S.C. § 1191(a).

Upon review of the Amended Subchapter V Plan, the Court finds that the revisions in it

do not adversely affect the substantive rights of creditors and other interested parties who received notice of the original plan. The revisions address the United States Trustee's objections.

Based on the Amended Subchapter V Plan (Doc. 92), the exhibits and the evidence received at the confirmation hearing held on June 13, 2024, and for the reasons stated on the record, the Court finds:

1. The Amended Subchapter V Plan includes a brief history of Debtor's business operations, a liquidation analysis and projections showing Debtor's ability to make payments under the plan. Under the Amended Subchapter V Plan, administrative expenses will be paid in full on the effective date of the plan.

2. The Amended Subchapter V Plan and the proponent of the plan comply with the applicable provisions of Chapter 11.

3. The liquidation analysis and other evidence establishes that, with respect to each impaired class, each holder of an Allowed Claim has voted to accept the Amended Subchapter V Plan, deemed to have accepted the plan or will receive under the plan on account of such Allowed Claim property of a value, as of the Effective Date, that is not less than the amount such holder would receive if Debtor liquidated its assets on the Effective Date under Chapter 7 of the Bankruptcy Code. As a result, the requirements of 11 U.S.C. § 1129(a)(7) are satisfied.

4. Debtor's cash flow projections and supporting testimony establish Debtor will generate earnings or other income sufficient to meet its needs and make its proposed payments over the term of the plan. Accordingly, the Amended

Subchapter V Plan is feasible. The Amended Subchapter V Plan provides for appropriate remedies in the event Debtor fails to make all the payments under the plan.

5. The term of the Amended Subchapter V Plan is reasonable and appropriate under the circumstances.

6. Debtor is making its best efforts and has proposed the Amended Subchapter V Plan in good faith and not by any means forbidden by law.

7. The Amended Subchapter V Plan is a nonconsensual plan because Class 4 is impaired and is deemed to have rejected the plan. The Court finds, however, that the Amended Subchapter V Plan "does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1191(b).

8. Based on the terms of the Amended Subchapter V Plan, Debtor will act as disbursing agent. The Subchapter V Trustee shall perform the other duties listed in section 1183(b).

9. The Amended Subchapter V Plan meets the other applicable requirements of 11 U.S.C. §§ 1129(a) and 1191.

Accordingly, IT IS ORDERED that Red River Subs, Inc.'s Amended Subchapter V Plan of Reorganization [Doc. 92] is CONFIRMED under 11 U.S.C. § 1191(b).

   Dated: June 13, 2024.

*/s/ Shon Hastings*

SHON HASTINGS, JUDGE
U.S. BANKRUPTCY COURT

Copy served June 13, 2024, to Attorney Maurice VerStandig for service.