IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-30010 |
| | ) | (Chapter 11) |
| RED RIVER SUBS, INC. | ) | |
| | ) | |
| Debtor. | ) | |
| _____ ) | | |

**FINAL APPLICATION OF THE
DAKOTA BANKRUPTCY FIRM FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
IN CONNECTION WITH REPRESENTATION OF RED RIVER SUBS, INC.**

Come now Maurice B. VerStandig and The Dakota Bankruptcy Firm (collectively, "DBF"), counsel for the above-captioned debtor (the "Debtor" or "Red River Subs"), pursuant to Section 330 of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2016, and apply to this Honorable Court for final allowance of compensation of (i) $10,760.00 in attorneys' fees, and (ii) reimbursement of $405.14 in expenses, and in support thereof state as follows:

### I. Introduction

This had every promise of being a difficult, contentious, and grueling case. Red River Subs entered bankruptcy needing to shed a lease, deeply in arrears on other leases, owing myriad trade creditors, and palpably indebted to a credit union. Scantly five months later, however, a plan of reorganization was confirmed without much ado, and not a single substantively contested motion ever found its way onto the docket. For that, it is the Debtor—not DBF—that deserves the majority of credit. Red River Subs turned out to be an exemplar of the benefits of goodwill in small business cases, with the company's long history of decency, honesty, and hard work (punctuated by the efforts of the Debtor's sole member, Todd Beedy) paying enormous dividends.

1

There was still legal work to be done along the way, however. Motions may not have been contentious, but they still needed to be filed. A plan of reorganization turned out to be mostly-agreeable, but still needed to be drafted. As in all cases, advising the Debtor on options and requirements throughout the duration of the Chapter 11 process was essential. And even with Red River Subs' sterling reputational ethos, some effort did need to be expended ensuring communication lines remained open with creditors' counsel, the Subchapter V trustee, and counsel for the United States Trustee.

For those efforts, compensation is instantly sought.

## II.     Recitations Pursuant to Applicable Law

1. The services for which compensation is herein sought were performed between January 13, 2024 and June 24, 2024. Maurice VerStandig performed all billable work.

2. No interim applications for compensation were filed by DBF in this case.

3. Complete time records for attorney work are appended hereto as Exhibit A. Portions of the time records have been redacted to protect privileged information from public disclosure. To the extent this Honorable Court believes it necessary to review the redacted time entries, so as to assess this application, DBF asks this application be construed as a motion, pursuant to Local Rule 5005-3(A) and the ECF User's Manual, to file the subject records under seal.

4. Records of expenses incurred are included in the time records appended hereto as Exhibits A.

5. The compensation sought hereunder, if approved, will be paid (i) first from a retainer in the sum of $4,902.00 being held in trust, and (ii) second, through monthly payments, in accord with the Debtor's confirmed plan of reorganization.

2

6.  There is no agreement for DBF to share compensation with any third party, though (i) DBF is operated by the same professionals and laypersons as The VerStandig Law Firm, LLC, a law firm that is wholly owned by Maurice VerStandig; and (ii) fees earned by DBF are paid to The VerStandig Law Firm, LLC and used to cover that entity's general overhead expenses, including salaries paid to non-attorney staff persons.

### III. Categorization of Time Entries

In accord with guidelines promulgated by the United States Trustee, DBF recorded all time in these matter in project categories. The time recorded – and compensation requested – for each such project category (during the time period following the interim application) is as follows:

   a. Case Administration – 13.8 Hours – $5,520.00

   b. Plan and Disclosure Statement – 11.3 Hours – $4,520.00

   c. Claims Administration – 0.7 Hours - $280.00

   d. Fee and Employment Applications – 1.1 Hours - $440.00

### IV. Hourly Rate

Pursuant to DBF's pre-petition agreement with the Debtor, time has been billed in this case at the reduced rate of $400.00 per hour. This is the rate DBF often—albeit not always—charges to Chapter 11 debtors in North Dakota, being premised upon (i) the rate normally charged by DBF's principal to debtors in other districts (typically between $450.00 and $500.00 per hour); (ii) the prevailing rates charged by other attorneys in this district (which, rather properly, tend to be lower than those assessed in other districts where DBF's principal frequently practices); (iii) the experience of DBF's principal; and (iv) a generalized economic observation of the rates that the North Dakota market seems most inclined to support.

3

**V.　Travel Time and Expenses**

DBF does not seek compensation for time spent traveling to and from North Dakota, nor reimbursement for the expenses incurred in connection with such travel. As such, while there was a singular in-person court appearance occasioned by this case, and while travel was undertaken to meet with Mr. Beedy earlier in this case, the time records appended hereto are notably devoid of any time entries for travel and any expense entries for airfare/lodging/rental cars.

To the extent compensable work was undertaken while traveling (i.e., preparing for a hearing while on an airplane), however, such is included in the services for which compensation is sought.

**VI.　Description of Services Rendered**

The time records appended hereto as Exhibit A contain a thorough description of all services rendered for which compensation is instantly sought. And many of those services are also well reflected on the docket of these cases, whether in the form of papers filed or the notation of hearings attended. By way of a generalized description, however, DBF notes that services included the following:

    a.　Advising the Debtor in connection with case-centric matters;

    b.　Endeavoring to negotiate a consensual plan of reorganization;

    c.　Representing the Debtor in connection with an uncontested confirmation hearing;

    d.　Advising the Debtor in connection with lease issues; and

    e.　Advising the Debtor on post-confirmation matters, including furnishing a detailed rundown of all forward-looking obligations and deadlines, so as to ensure the reorganized entity has optimal chances of succeeding.

**VII.   Conclusion**

WHEREFORE, Maurice Belmont VerStandig and The Dakota Bankruptcy Firm respectfully pray this Honorable Court (i) finally approve and ratify fees in the sum of $10,760.00; (ii) finally approve and ratify expenses in the sum of $405.14; (iii) permit DBF to draw $4,902.00, from the funds being held as a retainer, in trust, toward payment of the foregoing fees and expenses; (iv) award The Dakota Bankruptcy Firm an administrative claim of $6,263.14, to be paid by the Debtor in accord with the confirmed plan of reorganization; and (v) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 24, 2024      By:   /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of June, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

I FURTHER CERTIFY that, pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(6), a copy of the notice attached hereto as Exhibit B (but not of this application or the other exhibits) is being sent, on the 24th day of June, 2024, via First Class Mail, postage prepaid, to all parties on the mailing matrix attached hereto as Exhibit C.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

5